IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  1:25-cv-02005-PAB

REGAN BENSON

      Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality,
HANS LEVENS, in his individual and official capacities,
JOEL BELL, in his individual and official capacities, and
AARON SANCHEZ, in his individual and official capacities,

      Defendants.

---

### DEFENDANTS' ANSWER AND JURY DEMAND

---

Defendants, City and County of Denver, a municipality; Hans Levens, in his individual and official capacities; Joel Bell, in his individual and official capacities; and Aaron Sanchez, in his individual and official capacities; hereafter "Defendants," by and through their attorneys at Nathan Dumm & Mayer P.C., hereby submit their Answer and Jury Demand to Plaintiff's Complaint (ECF 1), and state as follows:

1. Defendants deny the allegations in paragraph 1 of Plaintiff's Complaint.

2. With reference to the allegations in paragraph 2 of Plaintiff's Complaint, Defendants admit that Plaintiff sought to serve on the Denver Police Department's Use of Force Review Board and that Plaintiff is known to the Denver Police Department. Defendants deny the remaining allegations in this paragraph.

3. Defendants deny the allegations in paragraph 3 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

4.   With reference to the allegations in paragraph 4 of Plaintiff's Complaint, Defendants admit that the Court has subject matter jurisdiction over federal claims pled pursuant to 42 U.S.C. § 1983. To the extent that this paragraph implies a constitutional violation, Defendants deny the allegations in this paragraph and deny any implication of a constitutional violation.

5.   With reference to the allegations in paragraph 5 of Plaintiff's Complaint, Defendants aver that 42 U.S.C. § 1988 speaks for itself and therefore no response is required. To the extent that a response is required, Defendants deny that Plaintiff is entitled to attorney fees and costs.

6.   With reference to the allegations in paragraph 6 of Plaintiff's Complaint, Defendants admit that venue is proper in the District of Colorado, and upon information and belief, Defendants admit that all parties were residents of the State of Colorado at the time of the events at issue.

7.   With reference to the allegations in paragraph 7 of Plaintiff's Complaint, Defendants aver that 28 U.S.C. § 1367 speaks for itself, and thus no response is required. Defendants do not contest supplemental pendent jurisdiction at this time.

## PARTIES

8.   Upon information and belief, Defendants admit the allegations in paragraph 8 of Plaintiff's Complaint.

9.   Defendants admit the allegations in paragraph 9 to the extent that Plaintiff intended to refer to the original Complaint, ECF 1 (there is no Amended Complaint).

10. Defendants admit the allegations in paragraph 10.

11. Defendants admit the allegations in paragraph 11.

12. Defendants admit the allegations in paragraph 12.

## FACTUAL ALLEGATIONS

13. With reference to the allegations in paragraph 13, Defendants aver that the allegations are prefatory and thus no response is required. To the extent that a response is required, Defendants deny the allegations in this paragraph.

14. With reference to the allegations in paragraph 14, Defendants admit that Plaintiff is known to some in the Denver Police Department. Defendants deny the remaining allegations in this paragraph.

15. With reference to the allegations in paragraph 15 of Plaintiff's Complaint, Defendants admit that Plaintiff has previously filed complaints and lawsuits against the Denver Police Department. Defendants deny the remaining allegations in this paragraph.

16. With reference to the allegations in paragraph 16 of Plaintiff's Complaint, Defendants admit that Plaintiff sought to join the Denver Police Department Use of Force Review Board. Defendants deny the remaining allegations in this paragraph.

17. With reference to the allegations in paragraph 17 of Plaintiff's complaint, Defendants currently lack sufficient information to admit or deny these allegations and therefore deny the allegations in this paragraph.

18. With reference to the allegations in paragraph 18 of Plaintiff's complaint, Defendants currently lack sufficient information to admit or deny these allegations and therefore deny the allegations in this paragraph.

19. With reference to the allegations in paragraph 19 of Plaintiff's Complaint, upon information and belief, Defendants admit the allegations in this paragraph.

20. With reference to the allegations in paragraph 20 of Plaintiff's Complaint, Defendants admit that the Denver Police Department sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

21. With reference to the allegations in paragraph 21 of Plaintiff's Complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to the Denver Police Department. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

22. With reference to the allegations in paragraph 22 of Plaintiff's Complaint, Defendants admit that the Denver Police Department sent Plaintiff the email contained in this paragraph. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents

the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

23. With reference to the allegations in paragraph 23 of Plaintiff's Complaint, Defendants admit that the Plaintiff sent the email contained in this paragraph to the Denver Police Department. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

24. With reference to the allegations in paragraph 24 of Plaintiff's Complaint, Defendants admit that the Denver Police Department sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

25. With reference to the allegations in paragraph 25 of Plaintiff's Complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to the Denver Police

Department. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

26. With reference to the allegations in paragraph 26 of Plaintiff's complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to Defendant Levens. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

27. With reference to the allegations in paragraph 27 of Plaintiff's complaint, Defendants admit that Defendant Levens sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

28. With reference to the allegations in paragraph 28 of Plaintiff's Complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to Defendant Levens. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

29. With reference to the allegations in paragraph 29 of Plaintiff's Complaint, Defendants admit that Defendant Levens sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

30. With reference to the allegations in paragraph 30 of Plaintiff's Complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to Defendant Bell. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these

communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

31. Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint.

32. With reference to the allegations in paragraph 32 of Plaintiff's Complaint, Defendants admit that Defendant Levens sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

33. With reference to the allegations in paragraph 33 of Plaintiff's Complaint, Defendants admit that Plaintiff is a longstanding critic of the Denver Police Department and that she has sued the Denver Police Department in the past. Defendants deny any remaining allegations in this paragraph.

34. With reference to the allegations in paragraph 34 of Plaintiff's Complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to Defendant Levens. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these

communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

35.     With reference to the allegations in paragraph 35 of Plaintiff's Complaint, Defendants admit that Defendant Levens sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

36.     With reference to the allegations in paragraph 36 of Plaintiff's Complaint, Defendants admit that Plaintiff sent the email contained in this paragraph to Defendant Sanchez. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

37.     With reference to the allegations in paragraph 37 of Plaintiff's Complaint, Defendants admit that Defendant Sanchez sent the email contained in this paragraph to Plaintiff. To the extent that this paragraph includes the content of an email, Defendants aver that the email speaks for itself, deny that the included portion of any email exchange represents the full and

complete scope of the communication between Plaintiff and the Defendants, deny that the included portion of any email exchange appropriately reflects the context of these communications, and deny any implication of a constitutional violation therein. Defendants further deny the remaining allegations in this paragraph.

38. Defendants deny the allegations in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny the allegations in paragraph 39 of Plaintiff's Complaint.

40. Defendants deny the allegations in paragraph 40 of Plaintiff's Complaint.

41. Defendants deny the allegations in paragraph 41 of Plaintiff's Complaint.

42. With reference to the allegations in paragraph 42 of Plaintiff's Complaint, Defendants admit that no officers were disciplined in connection with the allegations made by Plaintiff. Defendants deny any implication of a constitutional violation therein and deny the remaining allegations in this paragraph.

43. Defendants deny the allegations in paragraph 43 of Plaintiff's Complaint.

44. Defendants deny the allegations in paragraph 44 of Plaintiff's Complaint.

45. Defendants deny the allegations in paragraph 45 of Plaintiff's Complaint.

46. Defendants deny the allegations in paragraph 46 of Plaintiff's Complaint.

47. Defendants deny the allegations in paragraph 47 of Plaintiff's Complaint.

48. Defendants deny the allegations in paragraph 48 of Plaintiff's Complaint.

49. Defendants deny the allegations in paragraph 49 of Plaintiff's Complaint.

50. Defendants deny the allegations in paragraph 50 of Plaintiff's Complaint.

51. Defendants deny the allegations in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny the allegations in paragraph 52 of Plaintiff's Complaint.

53.   Defendants deny the allegations in paragraph 53 of Plaintiff's Complaint.

54-68.   Paragraphs 54-68 of Plaintiff's Complaint assert factual allegations against Defendant Denver and Denver Police Department employees related to past events not connected to the current allegation at hand. To the extent that these paragraphs imply wrongdoing by Defendants concerning the conduct that is the subject of this Complaint, those allegations are denied.

69.   With reference to the allegations in paragraph 69 of Plaintiff's Complaint, Defendants admit, upon information and belief, that Plaintiff filed suit against the Denver Police Department in the past and reached a settlement with Plaintiff in the past that included a monetary payment. Defendants deny the remaining allegations is this paragraph.

70-86.   Paragraphs 70-86 of Plaintiff's Complaint assert factual allegations against Defendant Denver and Denver Police Department employees related to past events not connected to the current allegation at hand. To the extent that these paragraphs imply wrongdoing by Defendants concerning the conduct that is the subject of this Complaint, those allegations are denied.

87.   With reference to the allegations in paragraph 87 of Plaintiff's Complaint, Defendants admit that Plaintiff filed suit against the Denver Police Department, and her claim was settled with an agreement that included a monetary payment. Defendants deny the remaining allegations in this paragraph.

88.   Defendants deny the allegations in paragraph 88 of Plaintiff's Complaint.

89.   Defendants deny the allegations in paragraph 89 of Plaintiff's Complaint.

90.   Defendants deny the allegations in paragraph 90 of Plaintiff's Complaint.

91. Defendants deny the allegations in paragraph 91 of Plaintiff's Complaint.

92. Defendants deny the allegations in paragraph 92 of Plaintiff's Complaint.

93. The allegations in paragraph 93 of Plaintiff's Complaint are prefatory and require no response. To the extent that a response is required, Defendants deny the allegations in paragraph 93.

94-121. Paragraphs 94-121 of Plaintiff's Complaint assert factual allegations against Defendant Denver and Denver Police Department employees related to past events not connected to the current allegations at hand. To the extent that these paragraphs imply wrongdoing by Defendants concerning the conduct that is the subject of this Complaint, the allegations in these paragraphs are denied.

122-134. Defendants deny the allegations in paragraphs 122-134 of Plaintiff's Complaint.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983 – First Amendment Violation
### Free Speech, Petitioning, and Association
*Plaintiff Against All Defendants*

135. Defendants incorporate their answers to the allegations incorporated by Plaintiff into paragraph 135 of the Complaint.

136. Defendants admit the allegations in paragraph 136 of Plaintiff's Complaint.

137-147. Defendants deny the allegations in paragraphs 137-147 of Plaintiff's Complaint.

### SECOND CLAIM FOR RELIEF
### 42 U.SC. § 1983 – First Amendment
### Retaliation
*Plaintiff Against All Defendants*

148. Defendants incorporate their answers to the allegations incorporated by Plaintiff into paragraph 148 of the Complaint.

149. Defendants admit the allegations in paragraph 149 of Plaintiff's Complaint.

150-164. Defendants deny the allegations in paragraphs 150-164 of Plaintiff's Complaint.

**THIRD CLAIM FOR RELIEF**
**C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 10**
**Freedom of Speech and Association**
*Plaintiff Against Defendants Levens, Bell, and Sanchez*

165. Defendants incorporate their answers to the allegations incorporated by Plaintiff into paragraph 165 of the Complaint.

166. Defendants admit the allegations in paragraph 166.

167. Defendants admit the allegations in paragraph 167.

168. Defendants aver that paragraph 168 is a summary of law, and Colorado Constitution Article II, Section 10 speaks for itself.

169. Defendants aver that paragraph 169 is a conclusion of law to which no response is required, and Colorado Constitution Article II, Section 10 speaks for itself. To the extent that this paragraph contains any factual allegations or incorrect interpretation of the law, Defendants deny the allegations in this paragraph.

170-175. Defendants deny the allegations in paragraphs 170-175 of Plaintiff's Complaint.

**FOURTH CLAIM FOR RELIEF**
**C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 10**
**Freedom of Speech and Association – Retaliation**
*Plaintiff Against Defendants Levens, Bell, and Sanchez*

176. Defendants incorporate their answers to the allegations incorporated by Plaintiff into paragraph 176 of the Complaint.

177. Defendants admit the allegations in paragraph 177 of Plaintiff's Complaint.

178. Defendants admit the allegations in paragraph 178 of Plaintiff's Complaint.

179. Defendants aver that paragraph 179 is a summary of law, and Colorado Constitution Article II, Section 10 speaks for itself.

180. Defendants aver that paragraph 180 is a conclusion of law to which no response is required, and Colorado Constitution Article II, Section 10 speaks for itself. To the extent that this paragraph contains any factual allegations or incorrect interpretation of the law, Defendants deny the allegations in this paragraph.

181-190. Defendants deny the allegations in paragraphs 181-190 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF
### C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 24
### Freedom to Petition
*Plaintiff Against Defendants Levens, Bell, and Sanchez*

191. Defendants incorporate their answers to the allegations incorporated by Plaintiff into paragraph 191 of the Complaint.

192. With reference to the allegations in paragraph 192, to the extent that this paragraph seeks to address the actions of Defendants Levens, Bell, and Sanchez, Defendants admit that they acted under color of state law, and within the course and scope of their employment, in their capacity as law enforcement officers at all times relevant to the allegations in this Complaint.

193. Defendants admit the allegations in paragraph 193 of Plaintiff's Complaint.

194. Defendants aver that paragraph 194 is a summary of law, and Colorado Constitution Article II, Section 24 speaks for itself.

195. Defendants aver that paragraph 195 is a conclusion of law to which no response is required, and Colorado Constitution Article II, Section 24 speaks for itself. To the extent that this paragraph contains any factual allegations or incorrect interpretation of the law, Defendants deny the allegations in this paragraph.

196-201. Defendants deny the allegations in paragraphs 196-201 of Plaintiff's Complaint.

**SIXTH CLAIM FOR RELIEF**
**C.R.S. § 13-21-131 – Colo. Const. Art. II, Section 24**
**Freedom to Petition – Retaliation**
*Plaintiff Against Defendants Levens, Bell, and Sanchez*

202. Defendants incorporate their answers to the allegations incorporated by Plaintiff into paragraph 202 of the Complaint.

203. Defendants admit the allegations in paragraph 203 of Plaintiff's Complaint.

204. Defendants admit the allegations in paragraph 204 of Plaintiff's Complaint.

205. Defendants aver that paragraph 205 is a summary of law, and Colorado Constitution Article II, Section 24 speaks for itself.

206. Defendants aver that paragraph 206 is a conclusion of law to which no response is required, and Colorado Constitution Article II, Section 24 speaks for itself. To the extent that this paragraph contains any factual allegations or incorrect interpretation of the law, Defendants deny the allegations in this paragraph.

207-216. Defendants deny the allegations in paragraphs 207-216 of Plaintiff's Complaint.

217. These Defendants deny each and every allegation not heretofore specifically admitted.

**AFFIRMATIVE DEFENSES**

1. All or a portion of Plaintiff's claims may not state a cause of action upon which relief can be granted.

2. Defendants Levens, Bell, and Sanchez are entitled to qualified immunity from suit or liability.

3. Defendants Levens, Bell, and Sanchez are entitled to common law immunity from suit or liability under *Trimble v. City and County of Denver*, 697 P.2d 716, 729 (Colo. 1985) and its progeny.

4. Defendant City of Denver does not have liability under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978).

5. All or part of Plaintiff's claims fail to allege a sufficient constitutional violation to state a claim under 42 U.S.C. § 1983 or otherwise.

6. All or part of Plaintiff's claims fail to allege a sufficient constitutional violation to state a claim under C.R.S. § 13-21-131 or otherwise.

7. All actions of the Defendants taken with respect to the Plaintiff were taken in good faith and were reasonable under the circumstances.

8. Defendants acted at all times with a reasonable good faith belief in the lawfulness of their conduct.

9. The damages alleged to have been sustained by Plaintiff, if any, may have been caused in whole or in part by Plaintiff's own acts and conduct, not by reason of any unconstitutional conduct of these Defendants.

**RESERVATION OF OTHER DEFENSES**

Defendants reserve the right to assert other defenses which may be disclosed as discovery and investigation are completed and hereby request leave of court to amend the within Answer, if necessary, at a later date.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38, Defendants demand a jury trial on all Claims for Relief so triable to a jury.

DATED this 5th day of September, 2025.

*s/Bernard Woessner*
Bernard Woessner
Caitlin L. Gemmill
NATHAN DUMM & MAYER P. C.
7900 E. Union Avenue, Suite 600
Denver, CO 80237-2776
Telephone: (303) 691-3737
Facsimile: (303) 757-5106
bwoessner@ndm-law.com
cgemmill@ndm-law.com
ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

      I hereby certify that on 5th day of September, 2025 I electronically filed the foregoing **DEFENDANTS' ANSWER AND JURY DEMAND** using the CM/ECF system which will send notification of such filing to the following:

Andy McNulty
Mari Newman
Madeline Leibin
1490 N. Lafayette Street
Suite 304
Denver, CO 80218
Phone: (720)850-5770
andy@newman-mcnulty.com
mari@newman-mcnulty.com
madeline@newman-mcnulty.com

.

                                            *s/Bernard Woessner*
                                            Bernard Woessner, #25867
                                            Caitlin Gemmill, #61110
                                            Attorney for Defendants
                                            NATHAN DUMM & MAYER P.C.
                                            7900 E. Union Avenue, Suite 600
                                            Denver, CO 80237-2776
                                            Telephone: (303) 691-3737
                                            Facsimile: (303) 757-5106
                                            BWoessner@ndm-law.com
                                            CGemmill@ndm-law.com