**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.: 1:25-cv-02005-PAB

REGAN BENSON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, a municipality, *et al.*,

    Defendants.

## MOTION IN LIMINE[1]

Plaintiff, Regan Benson, by and through her counsel, Andy McNulty, Mari Newman, and Madeline Leibin of NEWMAN | MCNULTY, moves to preclude from introduction all evidence post-dating Defendants' decision to deny her the ability to apply to serve on the Denver Police Department's ("DPD") Use of Force ("UOF") Review Board at the preliminary injunction hearing set for December 5, 2025, and states in support as follows:

1. **INTRODUCTION**

The issues that this Court will decide at the preliminary injunction hearing set for December 5, 2025, relate exclusively to Defendants' denial of Ms. Benson's ability to even apply to serve on the DPD UOF Review Board in January and February of 2025. The issues to be decided do not relate in any way to Defendants', Ms. Benson's, or anyone else's actions after February of 2025.[2] Despite this, Defendants seek to introduce at the preliminary injunction hearing evidence

---

[1] Plaintiff's counsel conferred with counsel for Defendants who indicated that Defendants oppose the relief requested in this motion.

[2] While this evidence could be relevant to Ms. Benson's damages or to Denver's customs and practices, neither of these issues are relevant to whether Defendants violated her rights and a preliminary injunction should issue — the sole focus of the preliminary injunction hearing.

from events that occurred over six months after the incident which underlies this lawsuit. The evidence they seek to introduce, namely Exhibits O and P, along with testimony related to these exhibits, includes a mandatory civil protection order that Defendant Bell sought against Ms. Benson in bad faith in September of 2025 to retaliate against her for filing this lawsuit and in violation of her First Amendment rights, and a video which was submitted along with that civil protection order, which depicts Ms. Benson exercising her First Amendment rights. That civil protection order was later used by Defendant Bell and the DPD to initiate bogus and retaliatory criminal charges against Ms. Benson. Ms. Benson continues to be criminally prosecuted based on the unconstitutional actions of Defendant Bell and the DPD.

It is Plaintiff's position that the criminal charges were initiated in bad faith attempt and to discredit her. Plaintiff's position is supported by the fact that a separate DPD officer sought a civil protection order against Plaintiff based on the same incident and video that Defendants seeks to introduce evidence of. A Denver County Court judge, after a lengthy evidentiary hearing, rejected the civil protection order on the basis that Ms. Benson's speech was protected under the First Amendment and was not threatening to the DPD officer.

Critically, this evidence is not only wholly irrelevant to Defendants' decision to deny Ms. Benson the ability to apply to serve on the DPD UOF Review Board over six months earlier — its introduction at the preliminary injunction hearing is motivated by the purpose of forcing Ms. Benson to decide between asserting her Fifth Amendment rights and rebutting the false narrative advanced by Defendants. *See United States v. Branch*, 537 F.3d 328, 342 (4th Cir. 2008) (holding that putting a witness "on the stand solely to invoke his Fifth Amendment privilege would lead to 'unfair prejudice'"). Because the evidence that Defendants seek to introduce is irrelevant,

inadmissible hearsay, and more prejudicial than probative, this Court should exclude it from introduction at the preliminary injunction hearing set for December 5, 2025.

2. **STANDARD OF REVIEW**

"A motion in limine is a request for guidance by the court regarding an evidentiary question, which the court may provide at its discretion to aid the parties in formulating trial strategy." *Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) (quotation omitted); *see also United States v. Suggs*, 378 F.Supp.3d 962, 968 (D. Colo. 2019) (noting that motion in limine ensures that "certain inadmissible evidence not be referred to or offered at trial."). Motions in limine enable the court "to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *United States v. Cline*, 188 F.Supp.2d 1287, 1291 (D. Kan. 2002). A limine order can save litigants time, cost, and effort by resolving evidentiary questions in advance of trial. *Id*.

3. **ARGUMENT**

   3.1 **Post-February-of-2025 evidence is not relevant to the issues presented at the preliminary injunction hearing and will waste the Court's time.**

Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The post-February-of-2025 evidence is not relevant to Defendants' decision to deny Ms. Benson's request to apply to join the DPD UOF Review Board by the simple fact that it occurred after the decision had already been made. This is particularly true of the temporary civil protection order filed by Defendant Bell and the video accompanying it, along with any testimony related to the criminal charges or the incident underlying them, as that evidence concerns incidents that occurred over six months after the events underlying Ms. Benson's Motion for Preliminary Injunction. *See Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009) (holding that "basic

principles of linear time prevent us from seeing how conduct that occurs after the alleged violation could have somehow caused that violation").

Further, the Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Therefore, an additional basis for excluding the post-February-of-2025 evidence is that its introduction would waste this Court's time.

### 3.2 **Evidence relating to the retaliatory criminal charges instituted against Ms. Benson is hearsay and more prejudicial than probative.**

The temporary protection order filed by Defendant Bell and the video evidence accompanying it are inadmissible hearsay. *United States v. Lozado*, 776 F.3d 1119, 1121 (10th Cir. 2015) ("Hearsay is generally inadmissible as evidence because it is considered unreliable."). Hearsay evidence, like that contained in the temporary protection order, is "inherently untrustworthy" due to the lack of an oath, presence in court, and cross examination. *United States v. Console*, 13 F.3d 641, 657-58 (3d. Cir. 1993). Because the evidence that Defendants seek to admit is hearsay, it should be excluded by this Court.

Moreover, the civil protection order filed by Defendant Bell and the video accompanying it, along with any testimony related to the criminal charges or the incident underlying them, is more prejudicial than probative and should be excluded from the preliminary injunction hearing. Under Fed. R. Evid. 403, this Court may exclude otherwise relevant evidence if the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice[.]" Fed. R. Evid. 403. "To be unfairly prejudicial, the evidence must have 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one.'" *United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) (quoting Fed. R. Evid. 403 advisory committee's

note). The evidence related to the criminal charges against Ms. Benson is more prejudicial than probative. It would be prejudicial to allow the introduction of this evidence, and for Defendants to testify about the incident and the evidence related to it, while Ms. Benson must decide between foregoing her Fifth Amendment rights and providing testimony to rebut the untrue narrative advanced by Defendants. Further, allowing Defendants to question Ms. Benson about this evidence and incident only for Ms. Benson to potentially repeatedly invoke her Fifth Amendment rights would be unduly prejudicial. *See Branch*, 537 F.3d at 342.

For these reasons, Plaintiff respectfully requests that this Court exclude the protection order filed by Defendant Bell and the video accompanying it, along with any testimony related to the criminal charges and the incident underlying them, because that evidence is more prejudicial than probative.

4. **CONCLUSION**

For the above-stated reasons, Plaintiff respectfully requests that this Court grant her motion in limine.

Dated this 3rd day of December 2025.

NEWMAN | MCNULTY

*s/ Andy McNulty*
Andy McNulty
Mari Newman
Madeline Leibin
1490 N. Lafayette Street Suite 304
Denver, CO 80218
(720) 850 - 5770
andy@newman-mcnulty.com
mari@newman-mcnulty.com
madeline@newman-mcnulty.com

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel for all parties who have entered their appearances in this matter.

                                                              NEWMAN | MCNULTY

                                                              *s/ Andy McNulty*
                                                              Andy McNulty